## Laverelle's Estate.

*Roland R. Foulke*, trustee, *pro se*.

STEARNE, J., June 27, 1930.—An Orphans' Court examiner appointed under section 46 *(b)* of the Fiduciaries Act of 1917 discovered that this trustee kept the trust *res* in his individual safe deposit box at a trust company. The *res* consists of unregistered coupon bonds. They are contained in an envelope with the name of the estate endorsed thereon. The examiner required the trustee to remove the securities from this box and replace them in a separate safe deposit box in his own name, as trustee for this estate. This the trustee refused to do, whereupon the examiner petitioned the court for an order, which order was granted, the entry of which is the subject of the present exception.

We are not persuaded, despite the strenuous and eloquent argument of exceptant, that this court is without jurisdiction to make the order concerning which he complains. He has argued—to employ his own words—that he may, if he so chooses, keep the securities upon his front porch. We are unanimous in the opinion that his contention is without merit. To employ a somewhat homely simile, we are quite as much interested in seeing to it that the stable door is locked and the horse kept safely as we are in corrective and punitive measures after the horse has been stolen.

We freely concede that a trustee may illegally abstract assets from the box maintained in his own name, as trustee, quite as readily as he could by taking the securities from his individual box. On the other hand, either through accident or design, the envelope may become worn, dilapidated, or it may entirely disappear; the markings or writings on the envelope, in time, may fail to remain decipherable; the rubber bands surrounding the envelope may become hard and brittle and disintegrate, or the tape or string with which they are tied may break or disappear. In such event, the securities, unearmarked, may become commingled with those which the trustee may individually own. Should the trustee die under such circumstances, it may become impossible or difficult to segregate the trust securities from those of his own. Or should the trustee become insolvent, a contest with creditors may arise and jeopardize the trust assets. Furthermore, should a trustee keep assets in his individual box, *his* executor, on his death, may assume custody. Thus, securities come into possession of a stranger to the trust and without bond. Where, however, the box is in the name of the fiduciary as trustee, the appointment of a substituted trustee is requisite before access may be had to the box. This is an added protection to the trust estate. In our opinion, it is quite as reprehensible for a trustee to commingle trust (unregistered) securities with his own as it is to keep the cash of the estate in his own individual bank account.

704

This court possesses and has always exercised its visitorial and supervisory powers over the custody of a trust estate. Our specific statutory authority, if any need be quoted, may be found in the Orphans' Court Act of 1917, section 9 (b), which gives to this court the *control* of trustees of the estates of decedents. The Fiduciaries Act of 1917, section 46 (b), provides for the appointment of examiners to make "periodical or special examinations of the assets of estates in the hands of fiduciaries."

Neither the Auditing Judge nor the court *en banc* questions the honesty or the integrity of Mr. Foulke, the trustee. We feel, however, that he is mistaken in the position which he has assumed. Under the circumstances, we are of opinion that the order was wisely and properly made. The exceptions are dismissed.